**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT ALTON DAY, # 446361,

        Plaintiff,

                              HONORABLE STEPHEN J. MURPHY, III

v.

                              Case Number: 10-CV-13856

RANDY O. COLBRY, et.al.,

        Defendants.
                                /

**OPINION AND ORDER
OF PARTIAL SUMMARY DISMISSAL WITHOUT PREJUDICE
AND DIRECTING CLERK TO SERVE REMAINING DEFENDANTS**

I.     Introduction

     This is a civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff Robert Alton Day, currently incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan, filed a pro se complaint asserting the following claims: (1) he was attacked and brutally beaten after he escaped from the Shiawassee County jail, (2) he was denied medical care afterward, and (3) he was denied access to his legal and personal mail. Day alleges that all the incidents took place at the Shiawassee County jail. He names the following as Defendants: Douglas Powell, Kim Williams, The Honorable Gerald D. Lostracco, Prosecuting Attorney Randy O. Colbry, Shiawassee County, and the Shiawassee County Sheriff's Department. His suit seeks monetary damages. The Court has granted Day leave to proceed in forma pauperis and to pay the initial partial filing fee when funds are available.

     For the reasons stated, the Court will partially dismiss Day's complaint against Judge Lostracco, Colbry, Shiawassee County, and the Shiawassee County Sheriff's Department.

The Court will order that the complaint be served on the remaining Defendants, Powell and Williams.

II.     Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss an in forma pauperis complaint sua sponte, before service on a defendant, if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is also required to dismiss a complaint seeking redress against government entities, officers, and employees if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. See *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court must read Day's pro se complaint under "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton*, 504 U.S. at 33.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard afforded Day in this case, the Court finds that his claims against certain defendants are subject to dismissal pursuant

2

to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

A.  Claim Against Prosecutor Randy O. Colbry

Prosecutor Colbry is absolutely immune from suit arising from the actions taken in his prosecutorial role in pursuing criminal charges against Day.

It is well established that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [42 U.S.C.] § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (footnote omitted); *see also Van de Kamp v. Goldstein*, 129 S.Ct. 855, 864–65 (2009) (holding that prosecutors are entitled to absolute immunity in respect to claims that their supervision, training, information-system management was constitutionally inadequate). This immunity extends to all activities that are "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U.S. at 430. As a consequence, prosecutors are protected from liability for such alleged misconduct as "the knowing use of false testimony and the suppression of material evidence at [a] criminal trial." *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). Absolute prosecutorial immunity is not strictly limited to "the act of initiation itself and to conduct occurring in the courtroom," but encompasses any activities "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial," including "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial." *Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993).

Day's allegations of misconduct by Colbry rest exclusively upon core prosecutorial functions that are protected by absolute immunity. Day alleges that Colbry slandered him during his plea hearing. The Supreme Court embraces a functional approach to

3

determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock*, 330 F.3d at 797; *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir.1989). In this case, all of Colbry's remarks about Day were made in his role as an advocate. Moreover, to the extent that Day alleges that Colbry conspired against him in "connect[ion] with the initiation and conduct of a prosecution," Colbry is also protected by absolute immunity. *Burns v. Reed*, 500 U.S. 478, 492 (1991). Accordingly, this provides a separate basis for the summary dismissal of Day's claims against Prosecutor Colbry.

    B.    <u>Claims Against The Honorable Gerald D. Lostracco</u>

In addition, Judge Lostracco is also entitled to absolute immunity with respect to Day's claim for monetary damages. Judges enjoy absolute judicial immunity from a suit for monetary damages arising from their performance of judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). The Sixth Circuit has described the immunity from suit enjoyed by judges as follows:

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *See Pierson v. Ray*, 386 U.S. 547, 554-55 (1967). The Supreme Court explained: If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication . . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of

4

> the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27 (1988).

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001) (footnote and parallel citations omitted).

Day's challenge to the proceedings involve the performance of Judge Lostracco's judicial duties. Therefore, Judge Lostracco is absolutely immune from damages for such conduct.

    C.    <u>Claims Against Shiawassee County and the Shiawassee Sheriff's Department</u>

Day is also suing Shiawassee County and its Sheriff's Department. In *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under 42 U.S.C. § 1983. *Monell*, 436 U.S. at 690. In so ruling, however, the Supreme Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, i.e., through application of the doctrine of respondeat superior. Rather, it concluded that a governmental unit may be liable under section 1983 only when its "policy" or "custom," whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, directly inflicted the injury. *Monell*, 436 U.S. at 694. The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to actions that the municipality officially sanctioned or ordered. *Id.*

In *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), the Supreme Court further clarified that "municipal liability under § 1983 attaches where — and only where — a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject

matter in question." *Id.* at 483 (citation omitted). Moreover, mere identification of a policy or custom is not enough to establish municipal liability. The plaintiff carries the burden of demonstrating a "plausible nexus" or "affirmative link" between the municipality's custom or policy and the constitutional deprivation at issue. *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 405 (1997) (a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights).

As set forth above, the County cannot be liable for any constitutional deprivations suffered by Day unless "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The Supreme Court has instructed that "policy" is made when a decision-maker possessing final authority over the subject matter issues an official proclamation, policy, or edict. *Pembaur*, 475 U.S. at 481. "Custom" can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as to virtually constitute law. *Monell*, 436 U.S. at 690. In this case, Day has not identified or alleged any policy or custom attributable to Shiawassee County, and therefore, his claims are dismissed for failure to state a claim upon which relief may be granted.

Day's claims against the Shiawassee Sheriff's Department are also subject to summary dismissal on the ground that it is not a proper party to this suit. A municipal "police department is not a legal entity against wh [ich] a suit can be directed." *See Haverstick Enter., Inc. v. Fin. Fed. Credit, Inc.*, 803 F. Supp. 1251, 1256 (E.D.Mich.1992) (holding that a police department is merely creature of the city under Mich. Comp. Laws § 92.1, and that the city is the real party in interest to such a suit); *see also* Michonski *v. City*

*of Detroit*, 162 Mich.App. 485, 413 N.W.2d 438 (1987) (public lighting department is not separate legal entity against whom tort action may be brought); *Laise v. City of Utica*, 970 F.Supp. 605, 608 (E.D.Mich.1997) (same).

III.     Conclusion

For the reasons stated, **IT IS ORDERED** that Day's complaint against Defendant, The Honorable Gerald D. Lostracco is **DISMISSED** on the basis of judicial immunity;

**IT IS FURTHER ORDERED** that Day's complaint against Prosecuting Attorney Randy O. Colbry is **DISMISSED** on the basis of prosecutorial immunity:

**IT IS FURTHER ORDERED** that Day's complaint against Shiawassee County and the Shiawassee County Sheriff's Department is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**IT IS FURTHER ORDERED** that Day's claims against the remaining Defendants, Douglas Powell and Kim Williams are not subject to summary dismissal. The Clerk of the Court is ordered to serve the remaining Defendants with copies of Day's complaint.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: October 13, 2010


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 13, 2010, by electronic and/or ordinary mail.

        s/Alissa Greer

Case Manager