UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAY, #446361,                          Case No. 10-13856

                    Plaintiff,                District Judge Stephen J. Murphy, III

v.                                            Magistrate Judge R. Steven Whalen

RANDY O. COLBRY, ET AL.,

                    Defendant.
————————————————————————/

## REPORT AND RECOMMENDATION [Re: Doc. #38 and Doc. #55]

Plaintiff Robert Day has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. At the time of incidents underlying his complaint, he was an inmate in the custody of the Shiawassee County Jail. Before the Court is Defendant Kim Williams' motion for summary judgment [Doc. #38], and Plaintiff's "Motion to Add and Delete Defendant" [Doc. #55], in which he seeks to dismiss Defendant Williams and add George Braidwood, the Shiawassee County Sheriff, and Tammi Willson, an assistant jail administrator. These matters have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1] I recommend that the Plaintiff's request to dismiss Williams [Doc. #55] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE as to Defendant Williams. I further recommend that Defendant's motion for summary judgment [Doc. #38] be DENIED AS MOOT.

_____

[1] The motion to add Defendants is in effect a motion to amend the complaint, which is a non-dispositive motion that I must rule on by order, pursuant to 28 U.S.C. § 636(b)(1)(A). Given the hybrid nature of Plaintiff's motion (one dispositive request and one non-dispositive request), I will deal with the Plaintiff's request to dismiss Williams (a Rule 41 motion for voluntary dismissal) in this Report and Recommendation, and issue a separate order on the request to amend.

# I.    BACKGROUND

In February of 2010, Plaintiff Day, who was at the time a convicted felon in the lawful custody of the Shiawassee County Sheriff's Department, escaped from the Shiawassee County Jail. Defendant Kim Williams, the City of Corunna Chief of Police, assisted in the apprehension of the Plaintiff. In his complaint, Mr. Day alleges that Chief Williams was deliberately indifferent to his medical needs. During his brief time as a fugitive, Mr. Day did not have shoes, and it was the middle of winter.

Attached to the Defendant's summary judgment motion as Exhibit 4 is the affidavit of Chief Williams, stating that on the date in question, he was informed that two inmates had escaped from the jail. He arrived at the scene where the inmates, including Mr. Day, had been apprehended, and transported Mr. Day to the County Jail, which was about two blocks away. Chief Williams states that Mr. Day did not make any complaints or request medical care, nor did Chief Williams observe Mr. Day to be in need of medical care. The trip to the jail lasted no more than two minutes, and Chief Williams turned Mr. Day over to the Jail authorities. He had no further contact with Mr. Day.

Attached to the motion as Exhibit 3 are case reports concerning Mr. Day's recapture. The report of Lt. Douglas Powell states as follows:

> "During this time both Inmate Fox and Day were asked by this Lieutenant about medical care and/or injury, Mr. Fox laughed and said what kind of a question was that then stated nothing was wrong with him. His feet were still covered by a pair of white socks Inmate Day was checked the same and as a result of being at large for one and a half hour bare footed in the snow there was concern of frost bite to his feet. Inmate Day was given a blanket to wrap his feet. He advised they were fine. neither Inmate had any other sign of injury."

Mr. Day has not responded to the Defendant's Summary Judgment motion, and has not submitted any opposing affidavits. In addition, he has filed a separate motion [Doc. #55] asking that Chief Williams be dismissed as a Defendant.

## II.    STANDARD OF REVIEW

### A.    Summary Judgment

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### B.    Rule 41 Voluntary Dismissals

Fed.R.Civ.P. 41(a) establishes the procedure for the voluntary dismissal of actions in federal court. Under Rule 41(a)(1), a plaintiff may dismiss an action without a court order by either filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Where an answer has been filed, and where no stipulation of dismissal has been obtained, Rule 41(a)(2) provides as follows:

> (2) **By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The decision to grant or deny a motion under Rule 41(a)(2) rests in the sound discretion of the trial court. *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir.1994). "When exercising its discretion, the district court asks and answers three questions: (1) whether the dismissal is appropriate; (2) if yes, whether the dismissal should be with or without prejudice; and (3) whether any terms or conditions should accompany the dismissal." *Tapco Intern. Corp. v. Dinesol Bldg. Products*, Ltd., 2007 WL 2710115, *2 (E.D.Mich. 2007), citing *Burnette v. Godshall,* 828 F.Supp. 1433, 1439 (N.D.Cal.1993), *aff'd,* 72 F.3d 766 (9th Cir.1995).

## III.   DISCUSSION

### A.   Rule 41 Motion [Doc. #55]

As Defendant Williams has filed an Answer [Docket #26], Plaintiff is no longer entitled to voluntary dismissal without leave of court under Rule 41(a)(1). Mr. Day's motion [Doc. #55] requests dismissal, but does not indicate whether dismissal with or without prejudice is sought. The Court should grant leave to dismiss Plaintiff's claim against Defendant Williams under Rule 41(a)(2), and should dismiss the complaint against Williams with prejudice.

Defendant Williams spent a total of two minutes with Mr. Day, driving him from the scene of his arrest to the jail. He did not observe any obvious injuries, and Mr. Day did not ask for medical assistance. (As Mr. Day did not file any opposing affidavits, I accept Chief Williams' affidavits as true). Likewise when Mr. Day was turned over to the jail authorities, no injuries were observed, and when asked if he needed medical care, he said that he was fine. Under these facts, Mr. Day has not made out a claim for deliberate indifference under prevailing Eighth Amendment standards. *See Estelle v. Gamble,* 429 U.S. 97, 103; 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2002). No rational trier of fact could possibly find Chief Williams liable, and he would clearly be entitled to summary judgment.  Indeed, Mr. Day is wise to ask that Chief Williams be dismissed. Under these circumstances, dismissal *with prejudice* under Rule 41(a) is appropriate.

### B.   Summary Judgment [Doc. #38]

As discussed above, Chief Williams' unopposed exhibits demonstrate his entitlement to summary judgment. However, a dismissal with prejudice under Rule 41(a)

moots his request for summary judgment.

### IV.   CONCLUSION

For these reasons, I recommend that the Plaintiff's request to dismiss Williams [Doc. #55] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE as to Defendant Williams. I further recommend that Defendant's motion for summary judgment [Doc. #38] be DENIED AS MOOT.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue

contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: January 23, 2012


The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 23, 2012.

Robert Day, #446361                              s/Johnetta M. Curry-Williams
Saginaw Correctional Facility                    Case Manager
9625 Pierce Rd
Freeland, MI 48623-8102